**In re ORMET CORPORATION, a Delaware corporation, et al.[1], Debtors.**

Nos. 04–51255 to 04–51261.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Oct. 26, 2004.

---

1. The Debtors are the following entities: Ormet Corporation, Ormet Primary Aluminum Corporation, Ormet Aluminum Mill Products Corporation, Specialty Blanks Holdings Corporation, Specialty Blanks, Inc., Formcast

Kim Martin Lewis, Donald W. Mallory, Dinsmore & Shohl, LLP, Cincinnati, OH, Adam C. Harris, Charles E. Bachman, O'Melveny & Myers LLP, New York City, for Debtors.

Mary Anne Wilsbacher, U.S. Trustee Office, Columbus, OH, for Assistant U.S. Trustee.

Robert G. Sable, Michael D. Seese, James E. Van Horn, McGuireWoods LLP, Pittsburgh, PA, Robert W. Crouch, Pittsburgh, PA, Nick V. Cavalieri, Timothy B. McGranor, Bailey Cavalieri LLC, Columbus, OH, for Official Committee of Unsecured Creditors.

## OPINION AND ORDER DENYING USWA'S MOTION TO DISMISS DEBTORS' CONDITIONAL APPLICATION FOR RELIEF UNDER 11 U.S.C. § 1113

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the motion of the United Steelworkers of America, AFL–CIO–CLC ("USWA") to dismiss the conditional application of the debtors and debtors in possession ("debtors") for relief under 11 U.S.C. § 1113. The debtors opposed the USWA's motion to dismiss. After the motion was fully briefed, the Court entertained oral arguments on October 6, 2004.

Following oral argument, the Court took the USWA's motion to dismiss under advisement. The Court subsequently conducted a lengthy evidentiary hearing that went to the merits of the debtors' conditional application. At the conclusion of the evidentiary hearing, the Court indicated

Development Inc. and Ormet Railroad Corporation.

that a decision on both the motion to dismiss and the merits of the application would be issued within the time frame prescribed by § 1113(d)(2). This opinion and order resolves only the USWA's motion to dismiss.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

The debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code on January 30, 2004, and have continued since that date to operate their businesses and manage their business affairs as debtors in possession. Among their operations is a reduction plant that produces primary aluminum to which various alloys are added and which is then cast into shapes, such as billet and ingot, according to customer specifications. The debtors also run a rolling mill that fabricates the aluminum into sheet and foil products. Both the reduction plant and the rolling mill are located in Hannibal, Ohio.

The 900 or so employees at the reduction plant are represented by Local 5724 of the USWA. The most recent collective bargaining agreement with the debtors was for the period of May 12, 2002, to August 31, 2003, but was extended by agreement of the parties to July 31, 2004.

Local 5724 of the USWA represents the approximately 500 employees at the rolling mill. The latest collective bargaining agreement between the debtors and Local 5724 was for the period from April 6, 2001 to August 31, 2004.

On March 11, 2004, the debtors delivered their proposals for modifications to the collative bargaining agreements to the USWA's district director. These proposals form the basis for the debtors' conditional application for relief under § 1113. The cover letter to the district director indicated that the modifications being proposed under § 1113 were necessary to the debtors' successful reorganization.

The debtors and representatives of the USWA engaged in various communications in the months following delivery of the § 1113 proposals. During this time, the debtors made available to the USWA certain information relevant to its evaluation of the proposals. The parties eventually engaged in some bargaining sessions, but their negotiations were limited to non-economic provisions only. On September 22, 2004, in conjunction with their proposed plan of reorganization and plan funding agreement, the debtors filed their conditional application for relief from the reduction plant and rolling mill collective bargaining agreements.

■ Section 1113 of the Bankruptcy Code provides the exclusive means for a debtor in possession to assume or reject a collective bargaining agreement. 11 U.S.C. § 1113(a). Congress enacted this statute following the decision in *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), which held that a collective bargaining agreement is an "executory contract" for purposes of 11 U.S.C. § 365. This decision meant that, subject to court approval, a debtor in possession could unilaterally reject a collective bargaining agreement without committing an unfair labor practice under the Labor Management Relations Act ("LMRA"). *Id.* at 516, 104 S.Ct. 1188.

■ While § 365 speaks to "executory contracts," this term does not appear in § 1113. Nevertheless, USWA argues that because the two collective bargaining agreements had expired prior to the debtors' application, relief is no longer avail-

able under § 1113. In response, the debtors point out that the terms and conditions of these agreements remain in effect until impasse under the LMRA.

None of the cases cited by the parties in their briefs is controlling authority for the question of whether § 1113 permits a debtor in possession to move to reject a collective bargaining agreement that has expired postpetition by its own terms. It appears from these cases and from the Court's own legal research that this remains an open question.

Under the unique facts presented by this case, the Court concludes that the expiration of the parties' collective bargaining agreements does not foreclose relief to the debtors under § 1113. The agreements were still in effect when the debtors filed their chapter 11 petitions and when they first made. their § 1113 proposals to the USWA. The debtors should not be penalized for their diligent efforts over the course of several months to make a proposal based on the most complete and reliable information available and to provide the USWA with all necessary information to evaluate that proposal. The statute requires far less. The debtors also should not have to risk being charged with an unfair labor practice by declaring an impasse and unilaterally making changes to the terms and conditions of the parties' agreements without this Court's approval. Given the complexities of the debtors' economic model and the severe time constraints placed on the parties and the Court once a motion under § 1113 is filed, the debtors' delay in filing their application until the last possible time before confirmation likely inured to the benefit of all concerned.

For the foregoing reasons, the USWA's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

1. The Debtors are the following entities: Ormet Corporation, Ormet Primary Aluminum Corporation, Ormet Aluminum Mill Products Corporation, Specialty Blanks Holdings Corporation, Specialty Blanks, Inc., Formcast Development Inc. and Ormet Railroad Corporation.